# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-0510V
Filed: November 8, 2016
UNPUBLISHED

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
JUDITH A. PANNICK,                    *
                                      *
              Petitioner,             *
v.                                    *
                                      *   Attorneys' Fees and Costs;
SECRETARY OF HEALTH                   *   Special Processing Unit ("SPU")
AND HUMAN SERVICES,                   *
                                      *
              Respondent.             *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Scott W. Rooney, Nemes, Rooney, P.C., Farmington Hills, MI, for petitioner.*
*Jason C. Bougere, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On April 26, 2016, Judith A. Pannick ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered an injury to her left shoulder as a result of an influenza ("flu") vaccine she received on November 1, 2013. Petition at 2. On May 24, 2016, petitioner filed a Notice of Voluntary Dismissal requesting that the undersigned dismiss her petition pursuant to Vaccine Rule 21(a)(1). (ECF No. 9). On May 25, 2016, the undersigned issued an Order Concluding Proceedings dismissing the petition without prejudice. (ECF No. 10).

On July 13, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 12). Petitioner requests an award of attorneys' fees in the amount of $2,220.00,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

attorneys' costs in the amount of $546.94, for a total amount of $2,766.94.  *Id.* at 1-2, Pet. Ex. 3 at 4.  Petitioner did not incur any out-of-pocket expenses.

On August 1, 2016, respondent filed a response to petitioner's motion.  (ECF No. 13).  Respondent argues that any award of fees and costs is inappropriate in this case because the petition lacked a reasonable basis as required by 42 U.S.C. § 300aa-15(e)(1)(B).  *Id.* at 1.  In support of this argument, respondent notes that the petition was accompanied by two exhibits which contained 27 pages of medical records, but none of these records included any indication of the date of onset of petitioner's left shoulder injury.  *Id*. at 2.  Respondent further notes that the petition was filed without other supporting documentation such as an affidavit from petitioner, proof of vaccination records, pre-vaccination records, or proof that petitioner suffered the residual effects of her injury for more than six months.  *Id.*  Thus, respondent's argument is that the petition objectively lacks a reasonable basis because the petition was not supported by necessary medical records.  *Id*. at 6.

On August 12, 2016, petitioner filed a reply.  (ECF No. 15).  Petitioner stated that she received the flu vaccination on November 1, 2013, from Dr. Wafa Abud in Flint, Michigan.  *Id.* at 2.  At the time the petition was filed, petitioner had requested, but had not yet received all of her medical records.  *Id.*  Petitioner and her counsel did, however, have possession of certain medical records, which were filed as exhibits 1 and 2.  *Id.*  In petitioner's exhibit 2, which contains records from Dr. A. George Dass, M.D., of Michigan Extremity Care, Dr. Dass notes that "[p]atient reports receiving a flu shot 8 months ago causing severe shoulder pain.  Pain continued to get worse and began to limit shoulder strength and motion secondary to pain. … Patient reports having an MRI done on shoulder that identified a partial RCT [rotator cuff tear]."  Pet. Ex. 2 at 7.  Because the statute of limitations was quickly approaching, petitioner's counsel filed the petition without a full set of records.

Challenge to Reasonable Basis

The Vaccine Act permits an award of reasonable attorneys' fees and costs if the petition was "brought in good faith and there was a reasonable basis." §15(e)(1).  "Neither the Federal Circuit nor [the United States] Court [of Federal Claims] has had occasion to define the meaning of 'reasonable basis' for purposes of fee awards under the Vaccine Act," but it has been interpreted in several cases.  *See, e.g.*, *Woods v. Sec'y of Health & Human Servs.,* 105 Fed. Cl. 148, 153 (2012).

Reasonable basis is typically viewed as "an objective standard determined by the 'totality of the circumstances.'"  *Chuisano v. United States*, 116 Fed. Cl. 276, 286 (2014) (citations omitted).  This somewhat amorphous standard has often been defined not by what it includes, but rather by what is lacking in cases in which a reasonable basis has been found not to exist.  Typically, reasonable basis is not found when "fundamental inquires [sic] are not made." *Di Roma v. Sec'y of Health & Human Servs.,* No. 90-

3277V, 1993 WL 496981, at *2 (Fed. Cl. Spec. Mstr. Nov. 18, 1993).  Additionally, a case may have a reasonable basis when filed, but may lose reasonable basis during the pendency of the case.  *Perreira v. Sec'y of Health & Human Servs.,* 33 F.3d 1375, 1376-77 (Fed. Cir. 1994); *McNett v. Sec'y of Health & Human Servs.,* No. 99-684V, 2011 WL 760314, at *6 (Fed. Cl. Spec. Mstr. Feb. 4, 2011).  Furthermore, the burden lies with petitioner to "affirmatively demonstrate a reasonable basis." *McKellar v. Sec'y of HHS*, 101 Fed. Cl. 297, 305 (2011).  Some of the factors considered when assessing reasonable basis include: "'the factual basis, the medical support, jurisdiction issues', and the circumstances under which a petition is filed." *Chuisano,* 116 Fed. Cl. at 288 (citing *Di Roma,* 1993 WL 496981, at *1).  Neither the fact that no medical records or supportive expert opinion was filed nor the fact that the claim was filed beyond the statute of limitations automatically negates a finding of reasonable basis.  *Chuisano*, 116 Fed. Cl. at 288 (citations omitted).

The petition alleges that on or about November 1, 2013, Ms. Pannick received a flu vaccine to her left shoulder at the offices of Dr. Wafa Abbud in Flint, Michigan.  Petition at 1-2.  Ms. Pannick alleges that progressively over time, she complained of pain and stiffness over her left shoulder.  *Id.* at 2.  After a seven month period of left shoulder pain and stiffness, petitioner was referred to Dr. A. George Dass, MD, an orthopedic surgeon at OrthoMichigan.  *Id.*  On May 27, 2014, Dr. Dass performed a left shoulder manipulation under anesthesia on petitioner.  *Id.*  Subsequent to the operative procedure, petitioner underwent physical therapy.  *Id.*

On May 2, 2016, petitioner filed two medical record exhibits on compact disc.  Exhibit one from OrthoMichigan contains 12 pages of records including those from Dr. Dass.  Pet. Ex. 1.  A record dated May 5, 2014, notes that petitioner was assessed with "left frozen shoulder" and that she had complained of her "left shoulder pain and stiffness for seven months."  *Id.* at 5.  The records confirm Dr. Dass's recommendation that petitioner undergo left shoulder manipulation under anesthesia with cortisone injection.  *Id.*  The exhibit also includes petitioner's operative report from her left shoulder manipulation surgery and left shoulder injection on May 27, 2014.  *Id.* at 11.  The post-operative report notes that petitioner had a "longstanding history of left shoulder adhesive capsulitis and impingement."  *Id.*

Exhibit two from Michigan Extremity Care contains 17 pages of records.  Petitioner's exhibit 2, page 2, notes that Ms. Pannick suffered from "frozen shoulder" for which she was receiving physical therapy.  Petitioner's exhibit 2, page 8, states that on May 28, 2014, "[p]atient reports receiving a flu shot 8 months ago causing severe shoulder pain.  Pain continued to get worse and began to limit shoulder strength and motion secondary to pain. … Patient presents with significantly limited motion and decreased strength in shoulder complex."  Both of these record exhibits provide support to petitioner's claim to her counsel that she received a flu vaccine on or about November 1, 2013, and suffered a left shoulder injury as a result.

Petitioner's counsel also explains in his reply to the fee application and in a status report filed on May 20, 2016, that he had difficulty obtaining a full set of medical records prior to filing the petition.  Counsel explains that Ms. Pannick initially came to him with limited time left on the statute of limitations.  *See* Status Report filed May 20, 2016.  While counsel was attempting to gather authorizations from his client to obtain the full set of records, he was informed by Ms. Pannick that she made a decision not to proceed any further with her claim.  *Id.* at 2.  Accordingly, on May 24, 2016, petitioner filed a Notice of Voluntary Dismissal pursuant to Vaccine Rule 21(a)(1) requesting that her claim be dismissed without prejudice.  *Id.*

The undersigned notes that it is not unusual for a petition to be filed without medical records.  In certain instances, a petition is filed in order for counsel to obtain authorization to issue a subpoena to certain medical facilities that have not cooperated with prior requests.  Petitioner filed a Notice to Withdraw from the case as is permitted by Vaccine Rule 21(a)(1).  The fact that petitioner withdrew from the case does not automatically confer a lack of a reasonable basis.

Assessing the circumstances of this case with the factors set forth in *Chuisano*, the undersigned finds that the factual basis of the petition, combined with the medical records that were filed, in addition to the circumstances under which the petition was filed (statute of limitations deadline), the undersigned finds that a reasonable basis existed at the time the petition was filed through the date of the filing of the voluntary dismissal.  116 Fed. Cl. at 288.  Neither the fact that no supportive medical records or expert opinion were filed automatically negates a finding of reasonable basis.  *See Chuisano*, 116 Fed. Cl. at 288 (citations omitted). Petitioner's counsel fulfilled his duty to investigate the claim and did so through research, discussions with his client, and a review of the medical records.  Additionally, the undersigned observes that petitioner's counsel has billed a minimal and reasonable amount of fees and costs in this case, and finds no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $2,766.94[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Scott W. Rooney.**

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u><br>
Nora Beth Dorsey<br>
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.